# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CAROL SANCHEZ,**

        **Plaintiff,**

v.                                                         **No. 97cv1705 MV/JHG**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Sanchez's) Motion to Reverse or Remand the Agency Decision, filed December 14, 1998. The Commissioner of Social Security issued a final decision denying Sanchez's application for supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

Sanchez, now forty-five years old, filed her application for supplemental security income on August 9, 1994, alleging a disability which commenced July 1, 1994, due to lower back and emotional problems. She has an eleventh grade education, a GED, and past relevant work experience as a motel maid, cashier, prep cook, corrections officer, and mill operator. The Commissioner denied Sanchez's application for supplemental security income both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Sanchez had the residual functional capacity for the full range of sedentary work. Relying on the grids, the ALJ found she was not disabled within the meaning of the Social Security Act. After considering

additional evidence, the Appeals Council denied Sanchez's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Sanchez seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*,  987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P,

App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse or remand the administrative decision, Sanchez argues the ALJ failed to develop the record, failed to meet his burden at step five in that he failed to properly address the substantial evidence of her depression and chronic pain, failed to address her impairments in combination, and failed to properly address her credibility.

The ALJ has a basic obligation in every case to ensure that an adequate record is developed consistent with the issues raised. *Henrie v. U.S. Dept. of Health & Human Services*, 13 F.3d 359, 360-361 (10th Cir. 1993). This duty is heightened where, as here, the claimant is not represented by counsel at the time of the administrative hearing. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In this case, the ALJ held the administrative hearing on December 7, 1995, and issued his decision on March 28, 1996. After the hearing, but before the ALJ issued his decision, additional evidence was included in the record. AR 159-166. After the ALJ issued his decision, additional evidence was included, and considered by the Appeals Counsel. The evidence before the Appeals Council is part of the administrative record to be considered when evaluating the Commissioner's decision for substantial evidence. *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). This case should be remanded in order to allow the ALJ the opportunity to consider all the evidence of record which was before the Appeals Council when it denied Sanchez's request for review on January 29, 1998. AR 4.

Sanchez next argues the ALJ erred by relying on the grids at step five. At step five, the burden

of proof shifts to the Commissioner to show that the claimant retains the residual functional capacity to do work which exists in the national economy. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). In certain cases, at the fifth step, the ALJ may rely solely on the grids.

The grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of occupational publications and studies. 20 C.F.R. § §404.1566(d); 416.969a . The grids aid the Commissioner in determining what specific jobs exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565; 416.969a. These findings of fact are plugged into the grids to produce a factual conclusion of disability. 20 C.F.R. §§ 404.1569; 416.969a.

The grids assume that a claimant's sole limitation is lack of strength, also known as an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00 (e)(2). In a case such as this, where a claimant presents evidence of both exertional and non-exertional impairments, the ALJ must make findings on how much a claimant's work ability is further diminished by the non-exertional limitations. *Id.* If the non-exertional limitations are significant enough to further reduce work capacity, the ALJ may not rely solely on the grids but must instead give full consideration to all relevant facts, including expert vocational testimony if necessary, in order to determine whether a claimant is disabled. *Channel v. Heckler*, 747 F.2d 577, 583 (10th Cir. 1984).

In other words, the grids cannot be used conclusively when a non-exertional impairment limits a claimant's ability to perform the full range of work in a particular residual functional capacity category. *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987). When non-exertional limitations are present, the grids can only be used as a framework for considering the extent to which such

limitations further diminish the claimant's ability to work by reducing the types of jobs that the claimant would otherwise be able to perform. *Talbot*, 814 F.2d at 1460; 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 200.00 (e)(2). In assessing the extent to which a claimant's ability to work is eroded by his non-exertional impairments, the ALJ will normally need to obtain the testimony of a vocational expert. *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991).

In this case, the ALJ found Sanchez's residual functional capacity for the full range of sedentary work which was not limited by her mental impairment or her pain. This determination is not supported by substantial evidence. The record clearly establishes Sanchez's anxiety disorder and atypical personality disorder limits her ability to work. AR 105, 117, 148, 177, 208, 210, 214-15. Moreover, Sanchez's allegations of disabling pain may have further eroded her residual functional capacity. *See infra* pp. 6-7.

While the Court is mindful that some of the evidence regarding Sanchez's mental impairments was not before the ALJ, it was all included in the record before review by the Appeals Council and is part of the administrative record to be considered when evaluating the Commissioner's decision for substantial evidence. *O'Dell*, 44 F.3d at 859. Accordingly, in light of all the evidence of record, it was not proper for the ALJ to rely solely on the grids at step five. Therefore, the case must be remanded in order to obtain vocational expert testimony at step five.

The United States Magistrate Judge also notes the ALJ failed to properly complete the Psychiatric Review Technique Form (PRT form).When there is evidence of a mental impairment which allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments as set out in 20 C.F.R. § 404.1520a. *Cruse v. U.S. Dept. of Human Services*, 49 F.3d 614, 617 (10th Cir. 1995). At the administrative hearing level, the ALJ may

complete the PRT form with or without the assistance of a medical advisor. 20 C.F.R. § 404.1520a(d)(1). However, the standard form must be appended to the decision. 20 C.F.R. § 404.1520a(d)(2). In this case, while the ALJ appended a PRT form to the decision, it was not completed in accordance with all the evidence of record. Moreover, the ALJ failed to discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form as required by *Cruse*. On remand, the ALJ should complete the PRT form to reflect all the evidence of record and discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.

Sanchez argues the ALJ did not properly assess her credibility. The ALJ found Sanchez's testimony was not fully credible. While it is true that this Court generally defers to credibility determinations of the ALJ, such deference is not absolute. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). The ALJ's credibility determination is not supported by substantial evidence. A remand is required due to this omission. *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995). On remand, the ALJ should reevaluate Sanchez's credibility.

 In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain, and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)). In this case, the ALJ did not expressly follow this analysis. On remand, the ALJ should expressly follow the *Luna* pain analysis. With respect to the credibility determination and the pain analysis, the ALJ did not apply correct legal standards and substantial evidence does not support his decision. On remand, the ALJ should link his credibility determination with specific evidence of record, analyze Sanchez's complaints of disabling

pain, and apply the appropriate pain analysis.

Finally, Sanchez argues the ALJ failed to assess her impairments in combination. The Commissioner must consider the combined effects of impairments which may not be severe individually, but which in combination may constitute a severe medical disability. *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). On remand, the ALJ should fully consider the combined effects of Sanchez's impairments.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Sanchez's Motion to Reverse and Remand Administrative Decision, filed November 24, 1998, should be granted. This case should be remanded to the Commissioner in order to allow the ALJ the opportunity to consider all the evidence of record which was before the Appeals Council when it denied Sanchez's request for review on January 29, 1998, to obtain vocational expert testimony at step five, completion of the PRT form to reflect all the evidence of record, discussion of evidence considered in reaching the conclusions expressed on the PRT form, reevaluation of Sanchez's credibility, linkage of the credibility determination with specific evidence of record, analysis of Sanchez's complaints of disabling pain under the *Luna* pain analysis, and consideration of all of Sanchez's impairments in combination.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

7

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.